**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 25 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-31464 |
| | ) | |
| Thomas Henkel and Nancy A Henkel, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Hon. Mary Ann Whipple |
| | ) | |
| | ) | |
| | ) | |

### ORDER

This case is before the court on a Motion to Refund the Filing Fee Paid in Error, which was filed by Wells Fargo Bank, N.A.("Movant") [Doc. # 30].

Debtors' discharges were entered on August 26, 2015, and this case was administratively closed on April 28, 2010. On September 24, 2015, Movant electronically filed a motion for relief from stay and abandonment [Doc #27], and consequently incurred and paid the associated fee due on filing of $176.00. The motion for relief from stay and abandonment being moot and filed in error, as there was no stay in effect, *see* 11 U.S.C. § 362(c), and the case being closed, the motion for relief from stay was immediately withdrawn by counsel. Movant now asks to have the motion filing fee refunded because of the mistaken motion filing.

The bankruptcy fee statute is 28 U.S.C. § 1930. In addition to the fees set forth in the statute, it authorizes the Judicial Conference of the United States to prescribe additional fees. 28 U.S.C. § 1930(b). Among the fees it has prescribed is the $176 filing fee for motions for relief from stay. *See* Bankruptcy

Court Miscellaneous Fee Schedule Eff. December 1, 2014 (available through the court's website under tab Court Info/Filing Fees/Miscellaneous Fee Schedule). Under 28 U.S.C. § 1930(f)(3), bankruptcy courts are permitted to "waive" fees required under the statute on grounds not otherwise specified therein by Congress "in accordance with Judicial Conference policy." Judicial Conference policy limits filing fee refunds as follows:

> The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the case is closed. Consequently, the clerk must refund a fee to reopen if the parties discover later that the case was open.

Bankruptcy Fee Compendium III (June 1, 2014 Edition), ¶ A.8, p. 16 (available through the court's website under tab Court Info/Filing Fees/Fee Compendium).

Recognizing, however, that the electronic filing environment in which all bankruptcy courts now operate raises different administrative issues as to the no refund policy than the traditional manual filing environment, the Judicial Conference has also authorized courts to develop local procedures as follows:

> **Develop Local Procedures**. Although the Judicial Conference still prohibits refunds generally, judges, in conjunction with their clerks, may develop procedures addressing CM/ECF refunds.

*Id.*, ¶ A.8.A.(1), p. 16. That policy has been implemented in this district by Local Bankruptcy Rule 5080-1, which provides as follows: "Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office." LBR. 5080-1a. Moreover, Local Rule 5080-1a. specifically addresses refund requests where a document has been filed in error, as follows: "[r]efunds will not be permitted if a party files a document in error, even if the Court dismisses the case or denies the relief requested." *Id.* Under the bankruptcy fee statute, Judicial Conference policy and local procedure, the standard for court authorization to allow the refund of a filing fee is twofold: the fee was collected without authority or the fee was collected due to administrative error on the part of the Clerk's office.

In this case, the filing fee for the motion for relief from stay was not collected without authority, as Debtor's counsel mistakenly filed the motion when there was no stay in place and the case had been closed for almost a month, all of which was displayed properly on the public court docket. Nor was the payment of the fee for filing the motion for relief from stay due to administrative error on the part of the Clerk's office. Since the court finds that the motion filing in this case that resulted in paying the $176.00 filing fee did not result from either its unauthorized collection by the Clerk or court system problems or

2

administrative error by the Clerk's office, the court lacks authority to permit the requested $176.00 refund.

**THEREFORE,** based on the foregoing reasons and authorities,

**IT IS ORDERED** that Motion to Refund the Filing Fee Paid in Error [Doc. # 30] be, and hereby is, **DENIED.**